**Clyde MILLER et ux., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**No. Civ.A. WMN–97–709.**

United States District Court,
D. Maryland.

Aug. 19, 1998.

Edward L. Blanton, Jr., Law Office of Edward L. Blanton, Baltimore, MD, for plaintiffs.

Michael J. Salem, U.S. Department of Justice, Washington, DC, for defendant.

## MEMORANDUM

NICKERSON, District Judge.

In 1990, Plaintiff Clyde Miller transferred his retirement funds from Maryland's old retirement system, the "Retirement System of the State of Maryland," into the new retirement system, the "Pension System of the State of Maryland." At issue in this suit is whether the transfer refund from the old system was a retirement "distribution" subjecting Plaintiffs to certain tax obligations, or simply a "with-

drawal," which would not give rise to those same obligations. On October 16, 1997, the Fourth Circuit decided a case that resolved precisely this question under a factual scenario indistinguishable from that presented in the instant action, holding that the transfer refund was a "distribution," not a "withdrawal." *Powell v. Commissioner,* 129 F.3d 321 (4th Cir. 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1522, 140 L.Ed.2d 674 (1998). Relying on the decision in *Powell,* this Court granted summary judgment in favor of Defendant on March 5, 1998.

On March 12, 1998, Plaintiffs filed a motion to alter or amend the Court's March 5, 1998 Order, noting that the petition for certiorari that had been filed by the taxpayers in *Powell* was still pending. After the Supreme Court denied certiorari on April 20, 1998, Plaintiffs requested that the Court allow them to file a supplemental memorandum in support of their motion to alter or amend. The Court granted that request and supplemental briefings have been received from Plaintiffs and Defendant.

The crux of Plaintiffs' argument is based on the apparent inconsistency in the classification of these transfer refunds by two different branches of the Internal Revenue Service, the Examination Section and the Plan Qualification Section.[1] The Examination Section, the branch that is responsible for reviewing the tax returns of individual taxpayers, has determined that these transfer refunds are distributions. It is this determination that was upheld by the Fourth Circuit.

Plaintiffs note, however, that distributions from qualified retirement plans can only be made upon disability, retirement, or death. A distribution made at any other time would serve to disqualify the plan. Therefore, if these transfer refunds were truly distributions, they would have had the effect of disqualifying the Maryland

---

1. Plaintiffs also make a compelling argument that imposing these penalties and additional taxes in this situation is not consistent with

the tax policies underlying these penalties. Paper No. 20 at 7–10.

Retirement System as a "qualified retirement plan." Plaintiffs argue that, because the plan has not been disqualified, the Plan Qualification Section must have concluded, at least implicitly, that the transfer refunds were permissible "withdrawals," and not disqualifying distributions. Because of this apparent inconsistency, Plaintiff seek leave of the Court to depose representatives from each of the two branches to explore the reasons for these different interpretations.

Notwithstanding the appearance of inconsistent positions of Defendant and somewhat troubled by the harsh results dictated by the Examination Section's interpretation, the Court, nonetheless, concludes that Plaintiff's motion must be denied. The proposed discovery, while potentially illuminating, would be irrelevant to the Court's final determination given that this Court is bound by the holding in *Powell*. The plaintiffs in *Powell* raised the same argument that is raised here, i.e., that the transfer refunds were withdrawals and not distributions. The Fourth Circuit also appears to have been aware that a finding that the transfer refund was a distribution should disqualify the plan. *See* 133 F.3d at 325. Yet the court concluded that "the Transfer Refunds were distributions from a 'qualified employer plan.'" *Id.* at 325. Nothing that might be revealed through discovery would allow this Court to hold any differently.

For these reasons, Plaintiffs' motion will be denied. A separate order will issue.